IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BESSIE BAKER,

    Plaintiff,

v.

RES-CARE INC.,

    Defendant.

_____/

No. C 05-01338 SBA

**ORDER**

    This matter comes before the Court on Res-Care Inc.'s ("Defendant") Motion to Dismiss. Having read and considered the papers submitted to the Court, the Court finds the matter appropriate for resolution without a hearing. The Court HEREBY GRANTS IN PART Defendant's Motion to Dismiss and REMANDS the remaining causes of action to San Francisco Superior Court.

## **BACKGROUND**

    Bessie Baker ("Plaintiff") began working as a bus driver and security guard at the Treasure Island Job Corps Center for Defendant on June 11, 2002. Compl. ¶ 11, Ex. 5. Plaintiff carried out her duties of driving the bus and counseling students under Defendant's supervision. *Id.* On September 5, 2003, Defendant suspended Plaintiff for allegedly sleeping on the job, though Plaintiff claims that she was on break and entitled to take a nap. *Id.* at ¶ 12. Prior to this incident, Plaintiff had never heard a

complaint about her work. *Id.* at ¶ 21.

Plaintiff is an African-American woman, and was 56 years old when she was fired. *Id.* at ¶ 10. Plaintiff is also a practicing Rastafarian. *Id.* at ¶ 18. While Plaintiff worked for Defendant, she took medication which made her drowsy. *Id.* at ¶ 13. Approximately one year after her termination, Plaintiff was diagnosed with obstructive sleep apnea and treated for anxiety, depression, and stress. *Id.* at ¶ 14,[1] Exhibit 2.

Plaintiff complained that she had been wrongly suspended from work on October 7, 2003. *Id.* at ¶ 9(I). Defendant reviewed the suspension and on October 9, 2003 terminated Plaintiff's employment because of alleged misconduct and sleeping on the job. *Id.* at ¶¶ 9(ii) & 15.[2] Plaintiff appealed this decision as her employment agreement allowed, but her appeal was denied on October 20, 2003. *Id.* at ¶ 9(iii). Plaintiff took her dispute to the Director of the Treasure Island Job Center two days later, but this appeal was also denied and Plaintiff's termination was upheld. *Id.* at ¶ 9(iv). On May 11, 2004, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). *Id.* at ¶ 9(v). On May 26, 2004, the DFEH issued Plaintiff a right-to-sue letter. *Id.* at ¶ 9(vi). Nowhere in Plaintiff's complaint does she mention contacting the Equal Employment Opportunity Commission ("EEOC") or receiving a right-to-sue letter from it.

On January 20, 2005, Plaintiff filed the present suit in San Francisco Superior Court. Plaintiff's complaint encompasses eight causes of action, including both federal and state law claims. Plaintiff's federal causes of action include discrimination on the basis of race and sex under 42 U.S.C. § 2000e et seq (first and sixth causes of action), and discrimination on the basis of disability under 42 U.S.C. § 12101 et seq (fifth cause of action). Plaintiff's state law claims include discrimination on the basis of race and age discrimination under Cal. Govt. Code § 12900 et seq (second and third causes of action), and wrongful termination in violation of public policy (fourth cause of action). Although somewhat unclear, it appears that Plaintiff's claims of retaliatory firing (seventh cause of action) and hostile work environment

---

[1] Plaintiff's complaint erroneously numbers paragraphs, repeating the numbers twelve through fifteen. This citation refers to the first ¶ 14.

[2] This citation refers to the first ¶ 15.

2

1  (eighth cause of action) are brought under both federal and state law.[3]

2  Defendant removed the case to federal court on April 1, 2005. Notice of Removal at 1. Defendant justified removal based on original jurisdiction over federal claims, supplemental jurisdiction over the state claims, and, as a separate basis for removal, diversity of citizenship. *Id.* at ¶¶ 3-5. Defendant then filed the pending motion to dismiss on May 11, 2005. Plaintiff has not filed an opposition to this motion.[4]

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*

---

[3] Title VII (42 U.S.C. § 2000e-3(a)) and the Americans with Disabilities Act (42 U.S.C. § 12203(a)) make retaliatory firing illegal under federal law. Retaliatory firing is illegal under California state law as well. Cal. Gov. Code § 12900 et seq. Hostile work environment claims can be made pursuant to California state law. *Id.* A federal claim for hostile work environment does not exist explicitly under Title VII, but has been consistently inferred. *See, e.g., Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 64-67 (1986) (hostile work environment based on sexual harassment cognizable under Title VII); 29 C.F.R. §§ 1604.11, 1606.8. Because *pro se* complaints should be liberally construed, the Court interprets Plaintiff's complaint as alleging those violations under both federal and state laws.

[4] N.D. Civ. L.R. 7-3(a)-(b) requires that an opposition or notice of non-opposition be filed 21 days prior to the hearing date.

*Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  Of these factors, prejudice to the opposing party is the most important.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research*, *Inc.*, 401 U.S. 321, 330-31 (1971)).  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 ( 9th Cir. 1992).

## ANALYSIS

### I. Jurisdiction

Defendant removed the case to federal court based on diversity of citizenship and federal question jurisdiction. Notice of Removal at ¶¶ 5-6. "We strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Jurisdiction can be established through diversity of citizenship pursuant to 28 U.S.C. § 1332 or through the existence of a federal question pursuant to 28 U.S.C. § 1331.

#### A. Diversity of Citizenship

In order to remove on the basis of diversity jurisdiction, the parties must be from different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  The jurisdictional amount is usually met if the plaintiff claims a sum greater than the jurisdictional minimum. *Gaus*, 980 F.2d at 566. If, however, the allegations of a complaint filed in state court do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party must demonstrate by a preponderance of the evidence that the jurisdictional minimum has been met.  *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus,* 980 F.2d at 566 (citation omitted); *see also Matheson v. Progressive Speciality Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).  A district court should consider facts presented in the removal petition or any "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson,* 319 F.3d at 1090. However, "conclusory allegations as to the amount in controversy are insufficient." *Id.* at

4

1090-91.

Plaintiff currently lives and works in California. Compl. Ex. 6 & 7. Defendant does business in California but is incorporated in Kentucky and maintains its principal place of business in Louisville, Kentucky. *Id.* at ¶ 5. The parties therefore satisfy the first element of diversity jurisdiction.

Plaintiff's complaint does not allege any specific dollar amounts, only certain types of damages in "amount[s] to be proven at trial." Compl. ¶¶ 27-30. The complaint therefore fails to conclusively demonstrate the amount in controversy exceeds $75,000. Thus, it is up to Defendant to show by a preponderance of the evidence that this suit meets the minimum amount to establish diversity jurisdiction.

Defendant makes no such showing. It makes no calculation of the possible damages and merely contends that, based on Plaintiff's eight causes of action, it is "facially apparent that the value of the matter in controversy in this action exceeds $75,000." Notice of Removal at ¶ 5. Defendant, however, provides no factual support for its conclusion. Such a conclusory allegation does not meet the evidentiary standard required to proceed under diversity of citizenship. *See Sanchez*, 102 F.3d at 404; *Matheson*, 313 F.3d at 1090. Because the complaint does not conclusively demonstrate that the amount in controversy exceeds $75,000 and because Defendant does not prove that it does beyond a preponderance of the evidence, the second element for diversity jurisdiction has not been met and this Court lacks diversity jurisdiction.

**B.     Federal Question**

Under 28 U.S.C. § 1331, the federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint includes claims arising under federal laws – namely Title VII and the Americans with Disabilities Act ("ADA"). Accordingly, removal is appropriate on this ground.

**II.     Motion to Dismiss the Federal Claims**

**A.     Legal Standard**

Plaintiff's federal claims all fall under Title VII or the ADA. Federal courts lack jurisdiction over such claims until a plaintiff has completely exhausted his administrative remedies before the EEOC. 42 U.S.C. § 2000e-5e (Title VII); 42 U.S.C. § 12117(a) (ADA); *see also, EEOC v. Farmer Bros. Co.*,

31 F.3d 891, 899 (9th Cir. 1994). A plaintiff must bring a charge alleging an unlawful employment practice before the EEOC within 180 days of it occurring; or, if an authorized state or local agency first heard the claim, within 300 days of the occurrence or within 30 days of the state or local agency closing its investigation, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1). If the EEOC chooses not to pursue the charge after its investigation, it issues the plaintiff notice that they may bring their own lawsuit (commonly referred to as a "right-to-sue" letter). *See* 42 U.S.C. § 2000e-5(f); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). A plaintiff may not bring a civil action under Title VII or the ADA without first obtaining a right-to-sue letter from the EEOC. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001); 42 U.S.C. § 12117(a) (incorporating Title VII enforcement procedures into ADA).

**B.     Analysis**

Plaintiff has not alleged that she brought a charge before the EEOC or obtained a right-to-sue letter from it. While Plaintiff has alleged that she received a right-to-sue letter from the DFEH, that letter cannot substitute for a right-to-sue letter from the EEOC. *Turley v. C.U.R.A., Inc.*, 2002 U.S. Dist. LEXIS 15465 (N.D. Cal. 2002) (Breyer, J.); *Roman v. County of Los Angeles*, 102 Cal. Rptr.2d. 13, 20 (2000). In *Turley*, the *pro se* plaintiff (Turley) filed a complaint with the DFEH after being fired. 2002 U.S. Dist. LEXIS 15465 at 2. The DFEH concluded that there had been no discrimination and closed the investigation. *Id.* Turley received a notice from the DFEH informing him that the DFEH had closed his case and that he had one year to bring suit against his employer. *Id.* The notice also informed him that to bring any federal claims, he had to file a complaint with the EEOC within the next thirty days. *Id.* Turley did not file a complaint with the EEOC, but instead immediately filed a complaint in state court comprised of five state claims and one federal claim. *Id.* at 3-4. The defendant removed the action to federal district court where the court dismissed Turley's federal claim because he had not exhausted his administrative remedies by filing a complaint with the EEOC and obtaining a right-to-sue letter, as required by 42 U.S.C § 2000e-5. *Id.* at 5.

In *Roman*, the California Court of Appeal explained the rationale for not allowing a DFEH right-to-sue letter to serve as an EEOC right-to-sue letter. 102 Cal. Rptr. 2d. at 20. After a state

6

agency like the DFEH closes its investigation, Title VII specifically sets a deadline for a plaintiff to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). The court reasoned that this deadline would not exist if a DFEH letter could serve as an EEOC letter. *Id.*; *see also* 3-43 Cal. Employment Law § 43.10 ("The right-to-sue letter must be obtained from the EEOC to satisfy the jurisdictional requirements for a claim under Title VII; a right-to-sue notice from the DFEH does not satisfy EEOC requirements").

Plaintiff has failed to allege that she received a right-to-sue letter from the EEOC. Moreover, Plaintiff's right-to-sue letter from the DFEH cannot substitute for a right-to-sue letter from the EEOC. Additionally, rather than dispute Defendant's arguments in opposition or assert that she does have a right-to-sue letter from the EEOC and can amend her complaint accordingly, Plaintiff has chosen not to oppose Defendant's motion at all.[5] Therefore, because Plaintiff has failed to allege that she filed a charge with the EEOC and receiving a right-to-sue letter and has also failed to oppose Defendant's motion, her federal causes of action are dismissed.

### III.    Supplemental Jurisdiction of Remaining State Law Claims

####    A.    Legal Standard

Plaintiff's remaining causes of action all arise under state law. When no federal cause of action remains, district courts usually decline supplemental jurisdiction over the state claims and remand them to state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."). However, consideration of factors such as judicial economy, comity, convenience, and fairness can allow a district court to retain jurisdiction over state law claims. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

####    B.    Analysis

Here, the Court declines to exercise supplemental jurisdiction. The parties have not even begun discovery, suggesting that judicial resources would not be wasted by remand. Because the case now only involves questions of California state law, comity strongly favors remanding the action. There also

---

[5]As stated *supra*, Plaintiff has not filed an opposition to Defendant's motion to dismiss. Pursuant to the Court's Civil Standing Orders, failure to oppose a motion is consent to the granting of the motion.  Civil Standing Orders, ¶ 8.

7

do not appear to be any issues of convenience or fairness that would trump the preference for remanding pendent state claims when all federal claims are eliminated. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

## **CONCLUSION**

Accordingly, Plaintiff's first, fifth, sixth, and to the extent that they are based upon federal law, seventh and eighth causes of action are DISMISSED. The action is REMANDED to San Francisco Superior Court. The Clerk of the Court shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 6/23/05                                s/Saundra Brown Armstrong
                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge